**FLETCHER et v FRICKE et**

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1593.    Decided Jan. 10, 1940.

Harold E. Smock, Dayton and W. S. Rhotehamel, Dayton, for appellants.

Smith, Schnacke & Compton, Dayton, and Legler & Murray, Dayton, for appellees.

## OPINION

By BARNES, J.

The above entitled cause is now being determined on appellees' motion to dismiss plaintiffs' appeal on the claimed ground that appellants did not file their notice of appeal within twenty days from the final order of the trial court; and further that the case is to be determined on the merits in the event the motion to dismiss is overruled.

In determining the motion to dismiss, it is necessary to examine the transcript of the docket and journal entries. On April 7, 1939, the trial court journalized an order striking plaintiffs' third amended petition from the files and,

"It is further ordered and adjudged that the plaintiffs may, within the time hereinafter stated, make a proffer of a Fourth Amended Petition to the undersigned Judge of this Court, after giving written notice to counsel for the defendants, Daisy T. Greene, as such Executrix, and Ray M. Brock, of the time of such proffer accompanied with a copy of the Fourth Amended Petition to be proffered by plaintiffs, and on the hearing of such proffer plaintiffs will be required to show cause why they should be permitted to file such Fourth Amended Petition.

"It is further ordered and adjudged that if such proffer and showing of such cause is not made within thirty (30) days of the date of this entry, or if such proffered Fourth Amended Petion does not substantially comply with the former orders of this Court, this action will then be dismissed at plaintiffs' costs."

It is the claim of counsel for appellees that this is the final order and that the notice of appeal not being filed within twenty days from such entry, the notice of appeal is not in time.

On July 12, 1939, the following entry was journalized:

"This cause coming on to be heard for further consideration of the entry filed in this cause April 7, 1939, and the court, finding that the plaintiffs herein have not made a proffer of a Fourth Amended Petition within thirty (30) days of April 7, 1939, in compliance with

said order of the court filed April 7, 1939. It is, therefore, ordered and adjudged that this case be dismissed at plaintiffs' costs. To all of the foregoing order the plaintiffs hereby except."

The notice of appeal was filed August 1, 1939, on questions of law and fact. (Again we feel called upon to suggest to counsel that this is not properly an appeal upon questions of law and fact, but in any event can only be considered as an appeal on law. This error is getting to be so common that we earnestly request counsel to make a close examination of §12223-1 GC. This is a part of the procedural act effective January 1, 1936. A mere cursory examination will adequately explain the difference between an appeal on law and an appeal on law and fact.)

We will exercise the privilege within our discretion of declaring the appeal one at law and will so consider it.

It is our conclusion that the final order is the entry of July 12th and therefore the filing of the notice of appeal was within time.

The motion to dismiss the appeal will be overruled.

We now go to the question as to whether or not the trial court was in error in dismissing plaintiffs' action for failure to comply with a previous order to make the original petition and succeeding amended petitions more definite and certain.

The original petition was filed July 18, 1935, in which Marie Fletcher and Cincinnati Bakeries, Inc., Norwood, Ohio, were plaintiffs and certain named individuals doing business under the name of Green and Brock, Dayton, Ohio, were defendants. Money judgment was asked in the sum of $16,005.00 with interest at 6% from August 26, 1931. The subject matter of the claimed cause of action was shares of corporate stock allegedly bought or sold by the defendants as dealers in investment securities.

To this petition defendants filed a motion to require the plaintiffs to make petition definite and certain in ten separately stated specifications. The motion was sustained as to 1, 2, 3, 4, 5, 6, 7, 8 and 10 and overruled as to 9. The petition was unquestionably deficient and the trial court was clearly correct in sustaining motion.

On July 3, 1936, plaintiffs filed an amended petition to which defendants filed motion, which, omitting formal parts, reads as follows:

"I. To strike from the files the plaintiffs' amended petition on the ground that the same does not comply with the former decision and order of this court entered herein on September 26, 1935, requiring the plaintiffs to make their former petition definite and certain in nine (9) respects stated in said former decision and order.

"II. To strike from the files of said amended petition on the ground that the same is sham and frivolous.

"III. In the alternative to require plaintiffs to further amend their amended petition so as to comply with each and every one of the nine branches of the former decision and order of this court entered herein on September 26, 1935, and to strike from said Amended Petition the entire paragraphs seventh, eighth, ninth and tenth thereof as being on their face sham and frivolous statements and entirely irrelevant."

On December 21, 1937, the motion was sustained in alternative branch No. 3 and plaintiffs ordered to file second amended petition in thirty days. The journal entry, in part, reads as follows:

"and on consideration of said motion the court sustains the alternative branch III of said motion, and orders that plaintiffs file, within thirty days hereof, a second amended petition complying in all respects with the former order of this court entered herein on September 26, 1935."

On January 8, 1938, plaintiffs filed a second amended petition to which defendants filed motion to strike from files,

"on the grounds that the decision and order of this court entered on December 20, 1937 has not been complied with, in that plaintiffs have failed to make their second amended petition definite and certain in six respects, as ordered by the court."

On January 20, 1939, the trial court order the second amended petition stricken and leave was granted to file third amended petition within thirty days. It was stated in the entry,

"If plaintiffs fail to file within thirty (30) days from the date of the filing of this entry a third amended petition containing reasonable compliance with the former orders of this Court filed December 21st, 1937, and September 26th, 1935, it is ordered and adjudged that plaintiffs' second amended petition be stricken from the files and this action dismissed at plaintiffs' costs."

On February 16, 1939, plaintiffs filed their third amended petition and on March 8, 1939, defendants filed motion to strike the third amended petition from the files and that the action be dismissed on the grounds that the third amended petition was not a reasonable compliance with the former order of the court.

On April 7, 1939, defendants motion was sustained and the third amended petition stricken. Plaintiffs were granted leave to proffer a fourth amended petition to the trial court in thirty days or, on failure so to do, the cause would be dismissed. The entry, among other things, contained the following:

"It is further ordered and adjudged that if such proffer and showing of such cause is not made within thirty (30) days of the date of this entry, or if such proffered fourth amended petition does not substantially comply with the former orders of this court, this action will then be dismissed at plaintiffs' costs."

Plaintiffs failed to proffer a fourth amended petition and on July 12, 1939, the cause was dismissed for failure to comply with former orders.

We have carefully examined the original petition and the subsequent amended petitions finally culminating in the third amended petition. The third amended petition is the only one upon which the plaintiffs can predicate their claimed cause of action, but we found it necessary to examine the previous pleadings in order to have a better understanding of the court's orders and the scope thereof.

In our judgment, the third amended petition is so vague, uncertain and inconsistent as not to state a cause of action. The orders of the court were reasonable and could have been easily complied with. Why there should be such persistence in repeatedly refraining from compliance and a clear statement of cause of action, is hard to understand. It would be unfair to the defendants as well as the court and jury trying the cause to permit this third amended petition to stand.

Counsel for appellants in their brief, in this court, set out certain claimed facts which are pertinent and essential to a claimed cause of action, but these claimed facts are not incorporated in any of the petitions. We might say that there would not be all the essential facts but it would clarify in some particulars. We have carefully examined the authorities cited and previously have had under consideration a similar question.

It is our conclusion that the trial court was very patient in extending to plaintiffs the privilege of filing amended petitions when it was earlier demonstrated that compliance was not being attempted.

We find no prejudicial error. Therefore, the judgment of the lower court will be affirmed, with the modification that plaintiffs' action will be dismissed without prejudice.

HORNBECK, PJ & GEIGER, J., concur.